ATTORNEY GENERAL v. BOARDS OF SUPERVISORS OF
KALKASKA AND ANTRIM COUNTIES.

MANDAMUS—BOARDS OF SUPERVISORS—REBUILDING BRIDGE.

*Mandamus* will not issue, on relation of the attorney general,
to compel adjoining counties to rebuild, upon its former site,
a bridge over a navigable stream between them, where the
legislature, by special act, has authorized a rebuilding upon a
different site, concerning which the boards of supervisors of
the respective counties are unable to agree.

*Mandamus* by Horace M. Oren, attorney general, to
compel the boards of supervisors of Kalkaska and Antrim
counties to rebuild a bridge. Submitted April 18, 1899.
Writ denied June 5, 1899.

*William D. Totten* ( *C. M. Phelps*, of counsel ), for
relator.

*J. L. Boyd*, Prosecuting Attorney, for respondent Kal-
kaska county board.

*Andrew B. Dougherty* ( *Fitch R. Williams*, of coun-
sel ), for respondent Antrim county board.

HOOKER, J. We are asked to issue a writ of *manda-
mus* to compel two adjoining counties to rebuild a bridge
across a navigable stream which is the boundary line
between them. This is upon the grounds— *First*, that it
is a common-law duty; and, *second*, that the counties are
under contract obligations with the State to do so. What-
ever we may think of these two grounds as furnishing a
sufficient reason for such relief as is here asked, in ordi-
nary cases, we are of the opinion that the legislature has
authorized the building of a bridge, to take the place of
the former one, upon a different site, thereby authorizing
the counties to allow the highway in question to remain
without a bridge at the former site. See Act No. 458,

Local Acts 1897. Since this act was passed, the boards of supervisors have been unable to agree. The Antrim county board has at all times been willing to aid in building a bridge, but upon a different site. The Kalkaska board, by its answer, admits its duty, and expresses its willingness, to join in the construction of a bridge, but only upon the old site. The relator, moving at the instance of some of the inhabitants of the vicinity, seeks to compel the erection of the bridge upon the former site. There is no more reason for our compelling Antrim county to join in building a bridge at the old place than there would be to require Kalkaska to consent to the new. It is not for us to fix a site for this bridge. The power is expressly conferred upon the two boards, and not upon us. We have no doubt that, when the necessity for a bridge becomes sufficiently urgent, the inhabitants of the vicinity will find a way to induce the boards of supervisors to take action in the premises.

The writ is denied.

The other Justices concurred.