OXBY *v.* BOARDS OF SUPERVISORS OF KALKASKA AND ANTRIM COUNTIES.

MANDAMUS—BOARDS OF SUPERVISORS—REBUILDING BRIDGE.
　　Where there is a probability that the boards of supervisors of adjoining counties, charged with the duty of rebuilding a bridge across a navigable stream between such counties, will speedily agree upon a site, *mandamus* will not issue, even after a long delay, to compel the rebuilding of the bridge in its former location; but, in denying the writ, leave will be granted to relator to renew the application if the bridge is not built within a reasonable time.

*Mandamus* by Charles Oxby to compel the boards of supervisors of Kalkaska and Antrim counties to rebuild a bridge.   Submitted May 1, 1900.　Writ denied June 5, 1900.

*William D. Totten* and *C. M. Phelps* (*T. J. O'Brien* and *James H. Campbell,* of counsel), for relator.

*J. L. Boyd,* Prosecuting Attorney, for respondent Kalkaska county board.

*Andrew B. Dougherty* (*Fitch R. Williams,* of counsel), for respondent Antrim county board.

Moore, J.   The relator asks for a *mandamus* to compel the respondents to build a bridge across Torch river. His petition relates to the same subject-matter passed upon in *Attorney General* v. *Boards of Sup'rs*, 120 Mich. 357 (79 N. W. 567). A reference to this case will make a long opinion here unnecessary.   The petition shows that relator lives near the site of the old bridge across Torch river, which bridge was, prior to 1895, maintained by the two counties jointly; that since 1895 the bridge has been out of repair, and those persons having occasion to use it have been compelled to employ a private ferry, at great expense; and it is insisted that, under the common law, it is the duty of the respondents to reconstruct the bridge, and that, as they have failed to do so, the relator is entitled to the writ of *mandamus* to compel them to do so.

In the absence of Act No. 458, Local Acts 1897, I think the contention of the relator is correct.   But the case made by the relator does not differ in kind from the one made when the case was here before, though it shows more strongly how unjust it is to persons having occasion to cross Torch river, for the respondents to delay action in the matter. The conduct of these boards in failing to agree upon a site and to construct the bridge is not very commendable.   The amended return of the board of supervisors of Antrim county shows that a change has taken place in the personnel of that board, and, taken in connection with the other pleadings in the case, indicates that the two boards are likely to agree upon a site before very long, as it is their duty to do.   Speaking for myself, I do not believe that it lies in the power of either one or the other of these boards to indefinitely postpone the building of a bridge across this river.   While the legislature, by the passage of Act No. 458, Local Acts 1897, as stated by Justice Hooker, thereby authorized the counties to allow the highway to remain without a bridge at the old site, I think it made it incumbent upon the boards of supervisors to agree upon some site, and erect

thereon a bridge, within a reasonable time, and that they cannot deprive the inhabitants of a bridge indefinitely by failing to agree.    As there seems to be a prospect of an agreement of the boards very soon, I think the application for the writ of *mandamus* should be, for the present, denied, but with leave to renew the application therefor if a bridge across Torch river is not built within a reasonable time from this date.

The other Justices concurred.